No. 4105

Second Circuit

THOMPSON v. KING MOTORS, INC., ET AL.
(MISS ALVA BRASHER, Intervener)

(March 16, 1932. Opinion and Decree.)

B. F. Thompson, Jr., of Alexandria, attorney for plaintiff, appellee.

Polk & Robinson, of Alexandria, attorneys for defendants, appellants.

DREW, J. Plaintiff sued King Motors, Incorporated, and O. M. King on two notes for the sum of $936, each secured by chattel mortgages on two automobiles, described in the chattel mortgages as follows: One Roosevelt sedan, serial No. 70—7793, motor No. S-9865; and one Roosevelt sedan, serial No. 70—7749, motor No. S-8918.

He prayed for recognition of his chattel mortgages and that same be enforced by having said cars sold without appraisement and the proceeds applied to the amount of the judgment.

In the petition, the car with serial No. S-8918 was written S-8919.

There was no appearance made by defendant, and judgment was confirmed on default in favor of the plaintiff in the sum of $1,872, with 8 per cent interest from May 7, 1929, until paid, and 10 per cent attorney's fees, subject to a credit of $640, with recognition of plaintiff's special chattel mortgage upon one Roosevelt sedan, serial No. 70—7749, motor No. S-8919. The car was ordered sold without appraisement and the proceeds of the sale to be credited on the amount of the judgment.

A fieri facias was issued under said judgment and a Roosevelt sedan, serial No. 70—7749, motor No. S-8918, was seized in the possession of Miss Alva Brasher and advertised for sale. Miss Brasher filed a third opposition, alleging that she was the owner of one Roosevelt sedan, color blue, motor No. S-8918, which she alleged she purchased from the King Motors, Incorporated, on or about May 1, 1929, trading in an old car, and paying the balance in cash; that the seizure of her car under fi. fa. was illegal, improper, and erroneous, and a sale under and by virtue of the seizure would be null, void, and of no effect, as being the seizure and sale of the property of a third person; and for the further reason that the judgment does not purport to recognize a lien and privilege against her car, in that it is not described in the petition upon which judgment was rendered, or in the judgment rendered or in the writ of fieri facias, under which it was seized. In the alternative, she alleged that the judgment secured by plaintiff is im-

proper, illegal, and erroneous, for the reason that plaintiff in the petition upon which judgment was rendered did not claim a lien and privilege in excess of $936 against opponent's car, and the judgment recognized a lien and privilege to the amount of $1,232 against said car; that the procuring and signing of said judgment constituted and is a fraud on the court and upon the rights of third opponent, and is null and void and of no effect.

She alleged that, if the property be sold, then, in that event, she is entitled to have said sale decreed null and void and of no effect. She prayed to be decreed the owner of the car under seizure, free of any lien, privilege, or incumbrance resulting from the judgment under which plaintiff is proceeding, and that, in the event the car is sold by the sheriff under said judgment, the sale be decreed null and void and of no effect.

Defendant in third opposition filed a motion to strike out of third opponent's petition all allegations attacking the validity of the judgment, for the reason that it constitutes a collateral attack upon the validity of the judgment. This motion was overruled by the lower court, and defendant in third opposition did not appeal or answer the appeal. Therefore the motion is not before us for determination.

He also filed an exception of vagueness, which was overruled, and is not before us for decision. He then answered, admitting that the motor number of said car was in the petition and judgment written S-8919, when it should have been S-8918, alleging same to have been caused by a typographical error, and that the judgment should be reformed to correct said error. He denied that the judgment he is attempting to execute recognized a lien on third opponent's car, in excess of $936, and shows that the said car was sold under a mort-

gage certificate, which certificate stated the amount of his special chattel mortgage, and that the car was sold for $385.

He further alleged that his chattel mortgage was duly recorded before the car was purchased by third opponent, and therefore pleaded estoppel, alleging that third opponent, through an agent, purchased the car at sheriff's sale, and has had same in her possession since the seizure of the car.

The lower court in a written opinion rejected the demands of third opponent, and she prosecuted this appeal.

The record clearly discloses that, at the time third opponent purchased the car that was seized in her possession, defendant in third opposition had a valid chattel mortgage containing the pact de non alienando on the car, duly recorded in accordance with the law, and that she therefore purchased the car subject to the chattel mortgage of $936. There is no doubt in the court's mind that the car seized as third opponent's was the identical car on which defendant in third opposition held a chattel mortgage. The chattel mortgage correctly recited the serial number and motor number of the car seized, and, although the judgment erroneously recited the wrong motor number, the serial number is the same as that of the seized car, and, we think, sufficient to identify it.

The evidence shows that no two cars have the same serial number or the same motor number, and either or both is sufficient to identify the car. We think the description in the judgment is sufficient to identify the car in third opponent's possession as the car upon which a lien is recognized.

Another fact to corroborate this is that the car was purchased from the same concern that had a short time previous executed a chattel mortgage in favor of defendant.

Third opponent could not seriously contend that it is necessary to give both serial and motor numbers to properly identify a car, when in her pleadings she has only given the motor number and studiously avoided giving the serial number of the car she claims to own.

The contention of third opponent that the judgment is null and void, in that it recognizes a lien and privilege on her car for a greater sum than that stated in the chattel mortgage, is not well founded, unless she can show that she has been prejudiced thereby. The judgment is not a personal judgment against her, and, if the car sold for less than the amount of the chattel mortgage on the car, she has not been injured or prejudiced in any manner by said judgment. If the car was sold for a greater amount than the amount of the chattel mortgage, she has been prejudiced and injured, and is entitled to relief.

The car was indebted unto defendant in the sum of $936 and no more, and it was incumbent upon third opponent to show that the car sold for more than $936, in order to show any injury to her. She is not concerned with the judgment, in so far as it affects the original defendants. She has failed to show any injury or wherein the judgment was in any manner prejudicial to her. She did not attempt to pay off the lien and privilege on the car by virtue of the chattel mortgage. If she had done so, and the defendant had refused to accept the amount of the chattel mortgage, she could have secured relief.

We find no error in the judgment of the lower court, and it is therefore affirmed, with all costs.

CULPEPPER, J., recused, and takes no part.